## J. B. ORCUTT COMPANY v. GREEN.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEC-
OND CIRCUIT.

No. 116.　Argued December 6, 1906.—Decided January 7, 1907.

Presentation and delivery to the trustee, within a year after the adjudica-
tion, for filing with the referee, of proof of claim is a filing within § 57 of
the Bankruptcy Act as construed in connection with General Order in
Bankruptcy, No. 21.

The neglect of a trustee in bankruptcy to deliver to the referee claims left
with him for filing is the neglect of an officer of the court and not the
failure of the creditor to file his claim.

A trustee in bankruptcy cannot file with himself proof of his own claim
against the bankrupt, nor can the delivery of such proof to his own
attorney for filing with the referee stand, in case of failure of his attorney
so to do, in place of delivery to the referee.

THIS case comes here upon return to a writ of certiorari,
issued by this court to the Circuit Court of Appeals of the Sec-
ond Circuit. It is a proceeding in bankruptcy, and the ques-
tion involved is one in regard to the sufficiency of the filing of
certain proofs of claims against the bankrupts' estate.

The facts are these: Messrs. Ingalls Brothers were adjudi-
cated bankrupts in proceedings in the District Court of the
United States for the Northern District of New York on the
third day of December, 1902. Soon thereafter one Charles
Duncan was appointed trustee, and on the ninteenth day of De-
cember, 1902, he duly verified a proof of claim in his own be-
half for $4,171, admitting an offset of $327. On the first of
April, 1903, the J. B. Orcutt Company duly verified a proof
of claim against the bankrupts' estate for $893.68, and in a
short time delivered it to the trustee. At the first meeting of
creditors Charles H. Dauchy Company presented to the ref-
eree a defective proof of claim against said bankrupts for
$3,335.67, which was returned by the referee to said company

for correction. Prior to January 23, 1903, the Dauchy Company duly verified another proof of claim in the same amount, prepared by Henry W. Smith, the attorney for the trustee, who had volunteered to prepare the same so as to comply with the rules, and on or about March 15, 1903, the Dauchy Company delivered this proof of claim to the trustee. Prior to June 1, 1903, the trustee delivered all three claims to said Henry W. Smith, with directions to file the same with the referee, which the attorney promised to do. In this he failed. When the attorney Smith received these claims from the trustee he handed them to a clerk in his office, directing him to put them with the papers in this proceeding, and shortly after told the clerk to file the proofs of the claim with the referee. The clerk neglected to do so, and some time afterwards, upon being asked in regard to it, said that he would do so immediately. This was before the expiration of the year after the adjudication. But he again failed to make the filing. The Dauchy proof, which had been left with the attorney, is lost and cannot be found, after diligent search made by the attorney for it in his office. The other two claims, the Orcutt Company's and Duncan's own claim were found in a package of papers relating to another bankruptcy proceeding. Another proof of claim, for the same amount, was made by the Dauchy Company April 2, 1904, and, with the Duncan and Orcutt proofs, was presented to the referee for filing, each proof being accompanied by a petition, dated April 2, 1904, for leave to file each of said claims *nunc pro tunc* as of a date prior to December 3, 1903, or for such other or further relief as might be just and proper. Smith was not the attorney for any of the claimants, and his failure to file with the referee was not by virtue of any instructions to withhold such claims from filing, nor was it known on the part of any of the claimants that he had failed to file them until more than a year after the adjudication.

Upon the presentation of these claims with the petition, other creditors of the bankrupts objected to the granting of the relief asked in the petition, upon the ground that the claims

had not been seasonably presented to the court, and were barred under the provisions of section 57n of the Bankruptcy Act.

Upon the hearing of the petition for leave to file these proofs of claim, the referee, to whom the case had been referred, denied the petition, under the objection of other creditors, on the ground that one year having expired subsequent to the adjudication of bankruptcy and prior to the filing of the several petitions and the presentation thereof to the referee, the referee had no power to permit the filing of said proofs of claims, and that neither the referee nor the court had any discretionary power to permit either of said proofs of claims to be filed, either *nunc pro tunc* or otherwise. An order denying the relief asked was duly entered.

The referee then certified for review by the District Court the question, whether his decision was correct in refusing the relief stated by the claimants.

The District Court directed that the claims of the petitioning creditors should be filed as of the date when delivered to the trustee.

Charles H. Green, one of the creditors of the bankrupts, thereupon appealed from the order of the District Court reversing the determination made by the referee, to the United States Circuit Court of Appeals for the Second Circuit, and in his appeal, in view of the position of the trustee and his refusal himself to act in the matter, Green asked that he might be permitted to prosecute the appeal for himself and the other creditors. The District Court thereupon allowed the appeal and cited the respondents to appear in the Circuit Court of Appeals. That court, having heard the case argued, reversed the decision of the District Court, and affirmed that of the referee. A brief memorandum was filed by the court, in which it was stated that the referee had given a very full examination of the question of law involved, and that the court concurred in his interpretation of the statute, and that his opinion might be printed as a supplement to the memorandum of the court.

*Mr. Charles Cowles Tucker* and *Mr. Reginald S. Huidekoper,* with whom *Mr. J. Miller Kenyon* was on the brief, for petitioners:

There is no provision in the Bankruptcy Act which fixes the time within which proofs of claim must be filed. *In re Hernstein,* 10 Am. B. R. 308–320; *Hutchinson v. Otis,* 190 U. S. 552. The language of the Bankruptcy Act should not be altered by construction so as to work a forfeiture of the rights of these creditors. Forfeitures are not favored in law. *Marshall v. Vicksburg,* 15 Wall. 146; Vattel, 29th Rule of Construction; *Farmers' & Mechanics' Bank v. Dearing,* 91 U. S. 29.

The purpose of the Bankruptcy Act is to provide for equality in distribution among creditors and not to enforce forfeitures as against particular creditors. By placing the narrow construction upon § 57n contended for by the respondents, a forfeiture of the rights of certain creditors will be enforced. 26 Am. & Eng. Ency. of Law, 661.

Granted that the act limits the time within which proofs must be presented to one year after adjudication, it is sufficient if they be presented within that time to the trustee.

The trustee, being an officer of the court, his acts may well be said to be the acts of the court itself, and by filing a claim with him, it can very properly be said that the claim is filed in the court where the proceedings are pending as required by § 57c of the act.

Even assuming that the Supreme Court has mistaken the limitation of its power, and that the last sentence of General Order XXI (1) is invalid, upon general principles of equity the order of the District Judge should be sustained.

*Mr. Herbert D. Bailey,* with whom *Mr. Frank H. Deal* was on the brief, for respondents:

The word *"proved,"* as used in 57n, contemplates and includes filing. General Order XXI (1) speaks of a deposition to prove claims, etc. This deposition is used as synonymous with proof of debt. That deposition becomes proof when it

comes regularly before the proper tribunal. Before a claim is proved, it must have come before the referee.

The trustee has no duty to perform in respect to the filing of claims. There is no provision anywhere in the act for filing claim with anyone save the referee, in referred cases. In so far as General Order XXI (1) seems to contemplate a "filing" with the trustee, it is confessedly at variance with the act. The act must prevail and where at variance therewith the General Orders are not to be considered. Collier, 4th ed. 286; *West* v. *Lea*, 2 Am. B. R. 463.

Mr. JUSTICE PECKHAM, after making the foregoing statement, delivered the opinion of the court.

The question in this case resolves itself into one of the sufficiency of the presentation of proofs of claims of the creditors named in the foregoing statement. They were, in reality, presented and delivered to the trustee in bankruptcy before the expiration of one year after adjudication, but there was no actual filing of the claims with the referee until after the expiration of that time, when the attempt to file them with the petition was made as above stated.

The question turns upon the construction of some of the subdivisions of the fifty-seventh section of the Bankruptcy Act, together with the twenty-first General Order in Bankruptcy, the last part of which reads: "Proofs of debt received by any trustee shall be delivered to the referee to whom the case is referred."

Sub-section *a* of section 57 provides that "Proofs of claims shall consist of a statement under oath, in writing, signed by a creditor setting forth the claim, the consideration therefor, and whether any, and, if so what, securities are held therefor; and whether any, and, if so what, payments have been made thereon, and that the sum claimed is justly owing from the bankrupt to the creditor."

Sub-section *c* provides that "Claims after being proved may,

for the purpose of allowance, be filed by the claimants in the court where the proceedings are pending or before the referee if the case has been referred."

Sub-section *d* provides that "Claims which have been duly proved shall be allowed, upon receipt by or presentation to the court, unless objection to their allowance shall be made by parties in interest, or their consideration be continued for cause by the court upon its own motion."

Sub-section *n* provides that "Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication."

If the presentation and delivery of these proofs of claim in the case before us with the trustee was sufficient within the meaning of the Bankruptcy Act, then the referee should have proceeded to determine the question of their allowance, when presented to him, the same as if they had been filed with him personally within the year subsequent to adjudication.

We have been referred to no case in this court deciding the exact question, nor is there cited any case in the lower courts wherein it has been decided, with the exception of that of *In re Seff,* District Court of United States, Southern District of New York (not reported), where the question before us seems to have been directly before that court, and the decision was in favor of the sufficiency of the filing with the trustee. The parties hereto have cited a great many cases in the lower courts deciding questions somewhat analogous to the one now before us, but none in which this question has been decided. We, therefore, think it unnecessary to refer to them.

We are of opinion, taking into consideration the various provisions of the fifty-seventh section of the Bankruptcy Act, in connection with No. 21 of the General Orders in Bankruptcy, adopted by this court, that the presentation and delivery of proofs of claim to the trustee in bankruptcy within the year after the adjudication is a filing within the statute and the general order above mentioned.

The General Orders of this court are provided for by section

30 of the Bankruptcy Act, which enacts that, "All necessary
rules, forms, and orders as to procedure and for carrying this
act into force and effect shall be prescribed, and may be amen-
ded from time to time, by the Supreme Court of the United
States." Under that section this court had the power to pro-
vide, as it has done in Order 21, that "Proofs of debt received
by any trustee shall be delivered to the referee to whom the
cause is referred." There is nothing in that provision incon-
sistent with, or opposed to, anything stated in the bankruptcy
law upon the subject, and we must, therefore, take the statute
and the order and read them together, the order being simply
somewhat of an amplification of the law with respect to pro-
cedure, but nothing which can be construed as beyond the
powers granted to the court by virtue of the law itself. The
question is not whether anyone but the court or referee can
pass upon a claim and allow it or disallow it. That must be
done by the court or referee, but it is simply whether a delivery
of a claim, properly proved, to the trustee is a sufficient filing.
The law provides, sub-section c of section 57, that the claims,
after being proved, may, for the purpose of allowance, be filed
by the claimants in the court where the proceedings are pend-
ing, or before the referee, if the case has been referred; but that
does not prohibit their being filed somewhere else prior to their
allowance, and the Order in Bankruptcy in substance provides
that they may be filed after being proved, with the trustee.
Such order is equivalent to saying that proofs of debt (or claim)
may be received by the trustee. When they are so received
by him they are in legal effect received by the court, whose
officer the trustee is. Having been received by the trustee,
under authority of law, the proofs of debt are thereby suffi-
ciently filed so far as the creditors are concerned, and it is the
duty of the trustee to deliver them to the referee. If the trus-
tee inadvertently neglects to perform that duty it is the neglect
of an officer of the court, and the creditors are in no way re-
sponsible therefor. The presentation and filing have been
made within the time provided for and with one of the proper

officers, and his failure to deliver to the referee cannot be held to be a failure on the part of the creditor to properly file his proofs.

Not much benefit can be derived from an examination of the Bankruptcy Act of 1867, in reference to the provisions therein contained, granting power to the Justices of the Supreme Court to frame general orders for the purpose named.    See section 10, Bankruptcy Act of 1867.    We think it plain that so far as this matter is concerned the Supreme Court had full power to make the General Order it did.

Different considerations, however, apply to the one claim made by the trustee himself.    We do not think that in any event a trustee could file with himself his proof of his own claim against the estate of the bankrupt.    General principles of law forbid that he should so act in his own case.    And his delivery of his own claim to his attorney could not make such delivery stand in the place of a delivery to the referee.

These views lead to a reversal of the order of the Circuit Court of Appeals, and the affirmance of the order made by the District Court, with the modification, refusing the filing of the proof of claim of the trustee himself.

*And it is so ordered.*