# MEMORANDUM DECISIONS.

In re BACK BAY AUTOMOBILE CO. (Circuit Court of Appeals, First Circuit. October 15, 1908.) No. 786. Appeal from the District Court of the United States for the District of Massachusetts. Henry W. Beal, for petitioner. Arthur Lord, for respondent. Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PER CURIAM. Counsel for both parties consenting, it is ordered that this petition be dismissed, without costs for either party. See 158 Fed. 679.

CAROLINA TRUST CO. v. WATSON et al. (Circuit Court of Appeals, Fourth Circuit. March 12, 1909.) No. 832. Petition for Revision of Proceedings of the District Court of the United States for the Eastern District of North Carolina, at Raleigh, in Bankruptcy. Robert C. Strong, for petitioner. John W. Hinsdale, for respondents.

PER CURIAM. Petition for review withdrawn by consent. Petition and order of court filed. See 162 Fed. 42.

GAY et al. v. HUDSON RIVER ELECTRIC POWER CO. et al. (two cases). (Circuit Court of Appeals, Second Circuit. May 21, 1909.) No. 293. Appeal from the Circuit Court of the United States for the Northern District of New York. William Dewey Loucks (Nash Rockwood, of counsel), for appellants. Charles H. Hotchkiss, for Knickerbocker Trust Co. A. W. Putnam, for Morton Trust Co. Glenn M. Congdon, for bondholders' committee. O. D. Young, for Boston bondholders' committee. C. J. Hermance, for New York bondholders' committee. Abram J. Rose, for receivers. J. A. Van Voast, for Schenectady Trust Co. Before LACOMBE, COXE, and NOYES, Circuit Judges. See, also, 166 Fed. 771.

PER CURIAM. A majority of the court (Judge NOYES dissenting) are satisfied that, in view of the circumstance that, before appeal was taken, the money was paid over by receivers to the Trust Company of America, and a considerable amount of such money turned over to bondholders, the questions argued upon said appeal need not be now considered. We all concur, however, in the opinion that notice and opportunity to be heard should be given to all parties interested and who have intervened before making such orders, and that a reasonable time to appeal therefrom should be allowed to elapse before carrying them out. Suggestion was made upon the argument that some of the mortgage trustees were willing, if receivers would default in payment of interest, so that foreclosure suits might be brought in the Circuit Court and receivership extended under their several mortgages, to delay the prosecution of such suits to foreclosure and sale until in the opinion of that court a reasonable time shall have elapsed to perfect a proper and satisfactory reorganization of the various interests in these properties. If such suggestion should be renewed in the Circuit Court, which is the proper tribunal for its consideration, it would seem to afford opportunity for a fair and equitable disposition of the complicated situation which now exists.