## In re RICHMOND HILL ELECTRICAL SUPPLY CO., Inc.

No. 17651.

District Court, E. D. New York.
March 17, 1931.

Stetson C. Davidson, of Brooklyn, N. Y., for trustee.

Joseph Danziger, of New York City, for claimants George B. and Edmund Dannenhoffer.

GALSTON, District Judge.

This is a motion to review an order of the learned Referee in Bankruptcy permitting the claimants, George B. Dannenhoffer and Edmund Dannenhoffer, to file proofs of debt nunc pro tunc in the bankruptcy proceeding as of the day filed by them with the assignee of the Richmond Hill Electrical Supply Company, Inc.

From the petition of the claimants it appears that on or about May 18, 1929, the Richmond Hill Electrical Supply Company, Inc., the bankrupt herein, executed a general assignment for the benefit of its creditors, naming Leon Starr, the assignee. On May 29, 1929, an involuntary petition herein was filed to have the Richmond Hill Electrical Supply Company, Inc., adjudged a bankrupt, and on the same day, Starr, the assignee, was by order of the court restrained from disposing of the assets of the bankrupt. On or about June 24, 1929, the claimants filed their proofs of debt with Starr, the common-law assignee. These proofs of debt were not filed by Starr with either the trustee or the referee, and the statutory period within which the proofs may be filed has expired. Nevertheless, the referee on December 1, 1930, permitted the claims to be filed as of June 24, 1929.

The Bankruptcy Act, § 57n, as amended by Act May 27, 1926, c. 406, § 13, 44 Stat. 666 (U. S. Code, title 11, § 93(n), 11 USCA § 93(n) provides that:

"Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication."

■ This provision of the law has been held mandatory as leaving no discretion with the court. In re Muskoka Lumber Co. (D. C.) 127 F. 886; In re Ealy (D. C.) 31 F.(2d) 314.

There is no provision either in the Bankruptcy Act or in the General Orders which recognizes the filing with an assignee as a compliance with the statute. At most, General Order 21 (11 USCA § 53) provides that:

"Proofs of debt received by the trustee shall be delivered to the referee, to whom the cause is referred."

The delivery to the trustee in J. B. Orcutt Co. v. Green, 204 U. S. 96, 27 S. Ct. 195, 51 L. Ed. 390, was held, therefore, a sufficient compliance with the statute.

■ But I have been referred to no authority, and I myself cannot find one, which holds that delivering a claim to an assignee prior to the filing of a petition in bankruptcy is a compliance with the law. The claim was certainly not filed in the bankruptcy proceeding or with any officer of this court.

Therefore, the question presented by the certificate of the referee must be answered in the affirmative and his order should be vacated. Settle order on notice.