### In re P. DERBY CO.

#### No. 57562.

District Court, D. Massachusetts.

Jan. 27, 1937.

M. Allen Moore, trustee.

Donald Hurley (of Goodwin, Procter & Hoar), of Boston, Mass., for Malcy Wertz Lumber Co., creditor.

George H. Mason, of Worcester, Mass., for Baker Lead Mfg. Co., creditor.

BREWSTER, District Judge.

This certificate brings up for review orders of the referee respecting the allowance of claims of fifty-three creditors. The controversy arises on the following state of facts:

The bankrupt as a debtor instituted reorganization proceedings under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). The debtor was directed to receive proofs of claims in the form sufficient for proofs under the Bankruptcy Act. The claims of these creditors were duly received, and a report by the debtor to the court showed that the claims of all of these creditors had been duly verified within the time fixed by the court for proofs of claims in the 77B proceedings.

The petition for reorganization was subsequently dismissed and before the time for appeal had expired the debtor filed a voluntary petition in bankruptcy. The proofs, filed in the reorganization proceeding, were in the safe of the bankrupt and came into the custody of the trustee in bankruptcy. For a time the business of the bankrupt was carried on by the receiver and trustee who employed a former employee of the debtor to look after the books and records of the bankrupt. This employee was fully aware that the proofs of claim were in the possession of the trustee, but that fact did not actually come to the knowledge of the trustee until after the six months' period. The original proofs of claims under the 77B proceeding came into the possession of the referee more than six months after the adjudication.

The referee at first entered an order disallowing all of these claims, and later, upon a full disclosure of the above-recited facts, revoked his first order and entered an order allowing them. The trustee has duly petitioned for a review of the order of revocation and the allowance of the claims.

It is my opinion that the referee's action may be sustained on two grounds: (1)

That the proofs of claims, in form sufficient for proofs against bankrupt estates, came into the possession of the trustee in bankruptcy within six months of adjudication; (2) that there was on file in the bankruptcy court adequate evidence of these claims which could be amended after the expiration of the six months' period.

On the first ground, it may be observed that it is settled that it is not necessary that the proof of claim shall have been filed with the referee. It is sufficient if the claim is filed with the trustee in bankruptcy or with the clerk of the bankruptcy court. J. B. Orcutt Co. v. Green, 204 U.S. 96, 27 S.Ct. 195, 51 L.Ed. 390.

There can be no doubt that the proofs of claims were in the possession of the trustee who had taken possession of the safe which contained them, and this result is not disturbed by the fact that the trustee himself was ignorant of the contents of the same. See Commonwealth v. Butts, 124 Mass. 449.

Moreover, if it be important to establish that the trustee had knowledge of the fact that he was in possession of the proofs of claims, there can be no objection to invoking the long-established doctrine that knowledge of the agent is knowledge of the principal.

Respecting the second ground, the courts have gone to extreme lengths in allowing amendments after the period for proving claims has expired. In re Ragan (C.C.A.) 2 F.(2d) 785. In one case the court even went so far as to hold that a listing of the creditors' names by the bankrupt in his schedule is sufficient to justify filing of amended proofs of claims. Matter of Cunningham, 25 A.B.R.(N.S.) 618.

I agree with Judge Patterson in the Southern District of New York that this is carrying liberality too far and renders nugatory the provisions of the Bankruptcy Act limiting the time within which claims can be proved. 11 U.S.C.A. § 93 (n); In re Rothbell (D.C.) 6 F.Supp. 244.

But in the case at bar there is more than a mere listing of creditors in bankrupt's schedule. Here there was a formal proof of claim filed with the debtor, and a report filed in court to the effect that the claim had been duly verified and filed. It is true the report was filed in a 77B proceeding, but it nevertheless constituted a part of the record in the bankruptcy court. Schwartz v. Irving Trust Co. (U.S.) 57 S.Ct. 303, 81 L. Ed. —— (January 4, 1937).

See, also, Continental Ill. Natl. Bank & Trust Co. v. Chicago, R. I. & P. R. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110.

The order of the referee allowing the claims is affirmed.