## In re CLARK.
### No. 432.

District Court, N. D. Georgia, Gainesville Division.

Oct. 8, 1940.

Pomerene & Burns, of Coshocton, Ohio, for Continental Casualty Co.

Joseph G. Collins, of Gainesville, Ga., for Wm. P. Whelchel.

Fred L. Brewer, Herbert R. Edmondson, and Ernest Palmour, Jr., of Gainesville, Ga., for parties at interest.

RUSSELL, District Judge.

The questions presented in this case arise from a petition filed by the Continental Casualty Company, hereinafter called the Company, seeking a review of the order of the Referee authorizing the compromise of a claim of the executor of a deceased mortgagee against the assets of the bankrupt's estate, and to the disallowance by the Referee of the proof of claim of the Company because not timely filed.

It appears from the certificate of the Referee that an involuntary petition in bankruptcy was filed against James T. Clark on July 20, 1936, and that on February 2, 1937, an order of adjudication in bankruptcy was entered. The first meeting of creditors was held April 12, 1937, at which time a trustee was elected and duly qualified. On August 20, 1937, the Company filed its proof of an unsecured claim in the sum of $1,001.51. Objections were filed by the trustee to the allowance of the claim of the Company on the grounds that same was not timely filed, and also objecting to a claim for attorney's fees in the amount of $500 embraced in the sum claimed of $1,001.51.

Thereafter both the trustee and the Company filed objections to the allowance of a secured claim of the executor of the mort-

gagee of the bankrupt, purporting to convey an interest in certain real estate located in Ohio, and at the same time the Company filed an answer to the objections to its claim filed by the trustee.

On June 3, 1940, at a meeting of creditors regularly called and held to consider the objections to the allowance of the alleged secured claim there was no appearance by the Company, but evidence was introduced on the question of the allowance of the claim by the creditor, the trustee, and petitioning creditors. The matter of the allowance of the claim of the mortgagee's executor was taken under advisement by the Referee and before an order had been entered thereon the trustee on June 11, 1940, filed a petition requesting authority to compromise this claim (amounting principal and interest to $1,565.68), by paying $800 in full settlement, representing to the Referee that he was advised by his attorney that under the conflict of authorities it was impossible to say whether said mortgage would be held entitled to payment in full as a prior or secured claim, or void and not entitled to payment at all.

The application for authority to compromise and the matter of the objections to the allowance of the unsecured claim of the Company was heard at a creditors' meeting regularly held on June 28, 1940, at which time under the evidence and authorities submitted the Referee found that it was to the best interest of the estate and of the creditors that the compromise be authorized, which was done. At the same creditors' meeting no evidence was introduced on the question of the allowance of the claim of the Company, but it appeared from the record that this proof of claim was not filed until August 20, 1937, and that the date of adjudication in bankruptcy was February 2, 1937. The Referee further noted, as appearing from the answer of the Company, that the Company had notice of the bankruptcy proceedings in 1936 and was notified by a letter from attorneys in Gainesville, dated April 15, 1937, of the adjudication in bankruptcy. The Referee thereupon disallowed the claim on the ground that it was filed more than six months after adjudication in bankruptcy.

In the petition for review the Company assigns as erroneous the order allowing the compromise and settlement of the mortgage above referred to on the ground that it was not a secured claim, and was in fact a general claim only, and that the mortgage

was void and created no lien on the real estate attempted to be conveyed. The order disallowing the claim of the Company was assigned as erroneous upon the grounds, (A) That Clark was not adjudicated a bankrupt until April 12, 1937, which assertion is predicated upon an allegation that a letter received from the trustee advised that Clark was adjudicated a bankrupt on April 12, 1937, which is attached as an exhibit; (B) That the claim was filed on August 20, 1937, less than six months after adjudication and less than six months after the first meeting of creditors; and (C) That the claim was filed within six months after the first meeting of creditors in accordance with the provisions of § 57, sub. n of the Bankruptcy Act.

The Bankruptcy Act, § 57, sub. n, as amended by Act May 27, 1926, c. 406, § 13, 44 Stat. 666, 11 U.S.C.A. § 93, sub. n, provides that: "Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication". This was the applicable statutory provision with reference to the filing of proof of claims in the present instance, in view of the adjudication in bankruptcy on date of February 2, 1937. "Under Sec. 57 [sub.] n every creditor loses his right to prove his claim if not made within six months after adjudication in bankruptcy. Tarbell v. Crex Carpet Co. et al., 8 Cir., 90 F.2d 683, and cases cited". In re Covacevich, 5 Cir., 100 F.2d 175, 177. This provision is a statute of limitations and is mandatory. J. B. Orcutt Co. v. Green, 204 U.S. 96, 27 S.Ct. 195, 51 L.Ed. 390; In re Richmond Hill Electrical Supply Co., Inc., D.C., 47 F.2d 948, 949 and cases cited. The amendment of June 22, 1938 (Public—No. 696—75 Congress, § 57, sub. n), allowing a period of six months "after the first date set for the first meeting of creditors" for filing claims is not applicable in the present case.

Proof of claim having been filed more than six months after the date of the adjudication in bankruptcy, and no circumstances appearing to bring the matter within any exception to the statute, the order of the Referee disallowing the claim was correct and his finding is affirmed.

In view of the foregoing ruling it is apparent that the Company is not in position to question the validity of the order of the Referee authorizing the compromise of the mortgage debt claimed. This order of the Referee merely affects

the distribution of the estate of the bankrupt in the hands of the trustee and the amount to be received by each creditor who is entitled to participate therein. By failure to file a timely proof of claim the Company is not and cannot become interested in this distribution and any ruling upon the question at its instance would be useless and ineffective because not affecting any right possessed by the complaining party. In re Morris White Handbags Corporation, 2 Cir., 77 F.2d 827; 8 C.J.S., Bankruptcy, § 609, p. 1621. There can be no prejudicial error without injury, and as the Company is not permitted to participate in the present anticipated distribution of the bankrupt's estate it is not in position to complain of any order relating to the manner and extent of payments to creditors who have filed proofs of claim, none of whom attack the order of the Referee.

Upon consideration of this petition for review, the findings of the Referee are approved and confirmed.