## In re OSCILLATION THERAPY PRODUCTS, Inc.

United States District Court,
S. D. New York.

Jan. 8, 1951.

Levin & Weintraub, New York City, for trustee.

Charles S. Friedman, Mt. Vernon, N. Y., for petitioner Daisy Stodel Henoch.

## SUGARMAN, District Judge.

Prior to March 4, 1948 and before the bankruptcy herein, five creditors of the bankrupt consulted an attorney regarding sums due them from the bankrupt. The attorney advised them to file an involuntary petition against the bankrupt. He instructed each to prepare a statement of his claim. He also advised that there would have to be advanced the sum of sixty dollars for the bankruptcy proceeding to be initiated.

On March 4, 1948 the five creditors reappeared at the attorney's office, paid him the sixty dollars (contributed by them in different proportions) and delivered statements of their claims to him. The attorney then prepared proofs of claim and powers of attorney which were severally duly executed by these creditors. Two of the five also duly executed the involuntary petition.

On the next day, March 5, 1948, the attorney filed the involuntary petition in this Court. In due course, the matter was referred and the bankrupt adjudicated. The referee called the first meeting of creditors for April 27, 1948. At that meeting, the aforesaid attorney was appointed trustee of the estate. He had in his possession at that time a number of proofs of claim, including the five hereinabove referred to. He filed certain proofs of claim with the referee, believing that they constituted all in his possession, including the five above referred to. Through inadvertence, he neglected to deliver these five to the referee. They remained, unknown to him, among his papers. He discovered the omission in January, 1950 and on February 27, 1950 he delivered these five claims to the referee. Inasmuch as six months from April 27, 1948 (October 27, 1948) had long since passed, the referee directed the trustee to file objections to the allowance of these five claims. This, the trustee did and in due course the issue came before the referee for determination.

Concerning the two creditors who had executed the involuntary petition in bankruptcy, the referee correctly held that he could allow their proofs of claim as amendments of the informal proofs of claim asserted by them in the involuntary petition.

As to the remaining three creditors, the referee held that their claims be disallowed as not having been filed within the time or in the manner provided in § 57 of the Bankruptcy Act, 11 U.S.C.A. § 93. One of these three unsuccessful creditors, now petitions for review of the referee's order, disallowing her claim.

The petitioner's claim aggregates $467.55 made up of $167.55 partly advanced for and partly loaned to the bankrupt, and $300 in unpaid salary for six weeks at $50 per week.

At the referee's hearing, the trustee testified that the bankrupt's books and records were in his possession; that he had inspected them for the purpose of determining the validity of the five claims and that the records established the propriety of the claims. He also testified that he had verified their validity by discussions with an officer of the bankrupt.

In the opinion, disallowing the three claims, the learned referee concluded that they "were not filed within the time or in the manner provided in Section 57, and cannot be allowed. The 1938 revision of the bankruptcy act completely recast Section 57n. Such recasting means a change in the law, which courts must respect." With this rationale, I am compelled to disagree.

I gather that the amendment of § 57 of the Bankruptcy Act did no more than that which, in one portion of his opinion, the referee thus characterizes:—"The changes throughout Section 57 are to *preserve* a clear distinction between the *filing* of a claim and its *proof*" (emphasis on the word "preserve" supplied).

The 1938 Chandler Act revision of § 57 of the Bankruptcy Act (and the legislative documents explaining it indicate no contrary Congressional intention) merely clarified that which, in the prior § 57, appeared to be an ambiguity failing to delineate the filing from the proving of a claim. In re Brill, D.C.S.D.N.Y.1931, 52 F.2d 636; affirmed 2 Cir., 52 F.2d 639. The change specifically incorporated into the statute that which had long been intimated by case construction of § 57 in its earlier form i. e. that there are three stages to the establishment of a claim in bankruptcy —its proof, its filing and its allowance. In re J. M. Mertens & Co., 2 Cir., 1906, 147 F. 177. The far reaching effect spelled out of the amendment by the learned referee, that it was intended to depart from a legal principle established by the Supreme Court, is not supported by its history and in the absence of a clear manifestation so to do, that result should not obtain.

In fact, the treatment by the Supreme Court of the last sentence of General Order XXI, 11 U.S.C.A. following section 53, compels a conclusion contrary to that of the learned referee. There was incorporated in General Order XXI, on November 28, 1898, the last sentence of the first paragraph:—"Proofs of debt received by any trustee shall be delivered to the referee to whom the cause is referred."

That sentence was preserved without change until the amendment of January 16, 1939 which was made to bring General Order XXI into conformity with the Chandler Act amendments to § 57. This amendment merely changed the third word of the sentence from "debt" to "claim" so that the sentence since 1939 has read:—"Proofs of claim received by any trustee shall be delivered to the referee to whom the cause is referred."

In J. B. Orcutt Company v. Green, 1907, 204 U.S. 96, 27 S.Ct. 195, 51 L.Ed. 390, the Supreme Court construed the last sentence of the first paragraph of General Order XXI to mean that a proof of debt (except that of the trustee himself) could be validly filed with the trustee and that the creditor thus filing it could not be prejudiced by the trustee's failure to comply with the requirement of General Order XXI that he, having received it, deliver it to the referee. The holding in J. B. Orcutt Co. v. Green rests entirely upon General Order XXI for, admittedly, there is nothing in the Bankruptcy Act to indicate a valid filing with a trustee.

If it had been the intent to destroy that principle, the Supreme Court would have completely eliminated the last sentence of the first paragraph of General Order XXI when, in 1939 it revised the General Orders to bring them in line with the amendments to the Bankruptcy Act accomplished by the Chandler Act. But, this it did not do. On the contrary, it continued the sentence in the General Order except that it changed the denomination "proof of *debt*" to "proof of *claim*". I construe this affirmative reenactment of the sentence by the Supreme Court to be positive indication of the intention that decisions prevailing under the prior sentence would continue to be the law under its successor, and I thereby conclude that J. B. Orcutt & Co. v. Green is still controlling.

That construction is supported by the language employed in In re Dorb The Chemist Pharmacies, Inc., D.C.S.D.N.Y.1939, 29 F. Supp. 832, 833. There Judge Goddard wrote "If a claim is filed it may be amended if defective in form, but in the case at bar the claim was not filed with a prescribed depository—the clerk, referee, *or trustee,* so it is clear that there was no claim filed which could be amended." (Emphasis supplied.)

Here the Court was dealing with § 57, sub. n of the Bankruptcy Act after its amendment by the Chandler Act.

■ The rule is apparent that, considering § 57, sub. n of the Bankruptcy Act together with General Order XXI, a claim (other than that of the trustee himself) may be filed with the trustee and if this is done within the period of limitation, it is allowable notwithstanding its delivery by the trustee to the referee after the expiration of that period.

■ There now remains for disposition the question whether there was a filing with the trustee within the period of limitation when, although he had received the petitioner's proof of claim, as her attorney, within the period, he did not know after he became trustee that it reposed among his papers beyond the period.

General Order XXI is silent as to when the proof must be *"received"* by the trustee. I see no justification for reading into the General Order that which does not appear, namely, a requirement that it be received by the trustee after his appointment. I believe the rule to be correctly stated in In re P. Derby Co., D.C.Mass.1937, 18 F. Supp. 995, 996 where it was said, "There can be no doubt that the proofs of claims were in the possession of the trustee who had taken possession of the safe which contained them, and this result is not disturbed by the fact that the trustee himself was ignorant of the contents of the same."

Nor is this conclusion disturbed by the fact that the trustee, when he received the proof of claim was the petitioner's attorney. True, it was said in J. B. Orcutt & Co. v. Green, supra [204 U.S. 96, 27 S.Ct. 198] that a trustee could not "file with himself his proof of his own claim against the estate of the bankrupt". The "general principles of law" that "forbid that he should so act in his own case" are lacking here, where the attorney was acting for the creditor and not for himself. On the contrary, I feel that the holding in the Orcutt case, allowing the claims of the creditors other than the trustee, supplies the basis for holding that the referee's order of November 10, 1950, "that the claim of * * * Daisy Stodel Henoch * * * be disallowed because of late filing" be and it is reversed.