## In re LATHROP, HASKINS & CO.

### (Circuit Court of Appeals, Second Circuit. May 20, 1912.)

### No. 225.

BANKRUPTCY (§ 343*)—PROOF OF CLAIMS—TIME AND MANNER OF FILING.

The handing of a verified claim against a bankrupt to an employé of his trustee in the latter's office, where it was not in fact filed, and it does not appear in what capacity the person with whom it was left was employed by the trustee, does not constitute a filing of the claim, nor entitle the creditor to file proof thereof nunc pro tunc 10 months after the year allowed for filing has expired.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 522; Dec. Dig. § 343.*]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Lathrop, Haskins & Co.. bankrupts. On petition to revise an order denying leave to petitioner, Howard M. Taylor, to file a claim nunc pro tunc. Affirmed.

See, also, 184 Fed. 534.

This cause comes here upon petition to revise an order denying the application of the petitioner to be allowed to file nunc pro tunc a proof of claim against the estate. The dates of the transactions relevant to the application are as follows:

January 19, 1910. Petition filed, and Henry D. Hotchkiss appointed receiver.

March 24, 1910. Order of adjudication and cause sent to referee.

April 4, 1910. Schedules filed showing petitioner to be a creditor for $2,-103.23.

April 18, 1910. Receiver elected trustee and qualified.

October 20, 1910. Referee filed report.

March 24, 1911. The year limited by the act for filing claims expired.

January 5, 1912. Referee's report confirmed.

January 24, 1912. Petitioner made his application to District Court for leave to file nunc pro tunc.

George W. Harper, Jr., for petitioner.
J. M. Proskauer, for respondent.
Abram I. Elkus and William S. McGuire, for trustees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). If these were all the facts in the case, the statute (Act July 1, 1898, c. 541, § 57, n. 30 Stat. 560 [U. S. Comp. St. 1901, p. 3444]) would effectually bar the granting of the relief prayed for. The Su-

preme Court, however, held in Orcutt Co. v. Green, 204 U. S. 96, 27 Sup. Ct. 195, 51 L. Ed. 390, that presentation and delivery of proof of claim to the trustee in bankruptcy within the year after the adjudication is a filing within the statute. Petitioner states under oath, and his statement is not denied, that:

"Immediately after the appointment of the trustee petitioner duly verified a proof of his claim against said bankrupts and handed such proof of claim to one Howard C. G. Barnaby for filing herein, said Barnaby being at that time in the employ of said trustee, and he remained in such employ, as your petitioner is informed and believes, for several months thereafter. That said Howard C. G. Barnaby has since died."

The brief states that the proof of claim was not only filed with the trustee's employé, but was so filed "in the trustee's office." But we are not able to find in the record anything to sustain the statement that the claim was actually filed in the trustee's office. If this were established as a fact, the situation would be different. Delivery of a claim in the trustee's office to a person who is apparently employed in transacting the trustee's business, and whose employment as such is not disputed, might make out a prima facie case within the decision of the Supreme Court. But here all that appears is that the trustee employed Barnaby, in what work he was employed is not shown, for aught that appears he may have been an appraiser or keeper, who had nothing at all to do with the office work; and the paper may have been handed to him at some place remote from the trustee's office, possibly even in some other district. The provision limiting the time for filing claims is a wholesome one, promptness in winding up bankrupt's estates is desirable, and we are unwilling to extend the exception recognized by the Supreme Court beyond the limits to which that tribunal has gone.

The majority of the court is of the opinion that the order should be affirmed.