## In re ROSS & O'BRIEN IRON WORKS, Inc.

### No. 355.

Circuit Court of Appeals, Second Circuit.

May 23, 1932.

Abraham I. Menin and Philip Silberman, both of New York City (Arthur S. Simon, of New York City, on the brief), for appellants.

Prince & Loeb, of New York City (Sidney J. Loeb, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

On December 5, 1930, three creditors of Ross & O'Brien Iron Works, Inc., a corporation, filed an involuntary petition in bankruptcy against it. The bankrupt answered, denying insolvency and the commission of the acts of bankruptcy charged in the petition, and the cause was then referred to a special master to hear and report upon the issues thus raised. Apparently no evidence was introduced in support of any of the acts of bankruptcy alleged in the petition, but the case was tried as though upon an amended petition setting up two other acts. No amendment, nor order permitting amendment, appears in the record; but the special master's report refers to "affidavits submitted in the course of proceedings" in which were specified as acts of bankruptcy (a) the giving of a chattel mortgage to Mt. Vernon Trust Company on November 29, 1930, to secure an antecedent indebtedness; and (b) the withdrawal of moneys by officers of the alleged bankrupt on the same date. Such affidavits do not appear in the record.

Such informal and irregular practice cannot be allowed to pass without an expression of our disapproval. General Order XI provides for the formal presentation of amendments, and the granting or refusing of permission to make them rests in the sound discretion of the court. In re Bieler, 295 F. 78 (C. C. A. 2). An amendment inserting a new act of bankruptcy speaks only from the date of the amendment. In re Havens, 255 F. 478 (C. C. A. 2); In re Diamond Fuel Co., 283 F. 108 (C. C. A. 2). We are not advised by the record when the affidavits (assuming that they might serve as an amendment) were presented, but apparently it was more than four months after November 29, 1930, as the hearings before the special master were not begun until May 1, 1931. It is true that amendments may be allowed to conform the pleadings to the proof (Remington Bankruptcy [3d Ed.] § 295), but whether that may be done when the proof relates to an act of bankruptcy more than four months old when the proof is offered, and to which the petition made no allusion, is not free from doubt. We do not now decide it.

Having conducted the trial with complete disregard of the rules of pleading and practice, the appellants would have little cause to complain were we to dispose of their appeal upon the ground that their petition was not proved and no amendment is before us to raise the issues which have been argued. However, inasmuch as the court below considered the unpleaded acts of bankruptcy, we shall assume that we are likewise at liberty to do so, and shall dispose of the appeal upon the merits.

█ The transactions of the bankrupt on November 29, 1930, are challenged as transfers to creditors with intent to prefer them. It was therefore necessary to prove that the transferor was then insolvent, and the burden of proving this essential fact was upon the petitioning creditors. Bankr. Act § 3d (11 USCA § 21(d). That issue the special master and the court below determined against them, the master writing an extensive report in which he found that the total assets were $48,634.80 and the total liabilities $44,099.67, leaving a surplus of assets of $4,534.63. These findings, confirmed by the District Court, the appellants seek to reverse upon the ground that too high a valuation was placed upon certain of the assets.

██ Forty shares of stock in the Rosbrie Holding Corporation were valued by the master at $8,000. This figure is attacked as speculative. The stock was acquired by the bankrupt in March, 1930, in satisfaction of an indebtedness owed by Messrs. Ross and O'Brien individually, which was carried on the books in an "Exchange Account" in the amount of $12,796.14. There being no market quotations for the Rosbrie stock, an attempt was made by the bankrupt to prove its value by showing that it represented a 40 per cent. interest in the assets of the Rosbrie Corporation. Mr. Levy, a real estate expert, testified that real estate owned by said corporation was worth $135,000. No proof was given as to its liabilities, but it is conceded in the appellee's brief that the real estate was mortgaged for $101,000, which would leave an equity of $34,000. Forty per cent. of this would give a value of $13,600. Conceding arguendo that liabilities as well as assets of the corporation had to be shown in order to make Levy's testimony competent evidence of the value of the outstanding shares, nevertheless the appellants must fail in their attack upon the master's valuation of $8,000 because they have the burden of proving insolvency and presented nothing as to the value of this stock. They contend that since the books of the bankrupt did not show the Rosbrie stock as an asset, the burden of proving its value was upon it. But we do not read the statute (Bankr. Act § 3d, 11 USCA § 21 (d) as casting upon the bankrupt the burden of proving solvency merely because one item of his assets does not appear upon his books, where the omission was not the result of any attempt to conceal his condition and he has freely submitted himself and his books to examination. Such was the situation in the case at bar. Apparently the exchange account did not contain an entry showing concellation of the indebtedness of Messrs. Ross and O'Brien and substitution of the stock, but the bookkeeper testified it was customary to make entries in this account when the books were closed at the end of the year. There is no doubt that the stock was a bona fide asset of the bankrupt as shown by the testimony and exhibit DD.

█ Complaint is made of the valuation of two items of accounts receivable—that of Bronxville Chateau Inc., which was valued at 50 per cent. of its face, and that of Post Country Apartments, valued at $1,251.50. It would serve no useful purpose to discuss in detail the evidence relating to these items. Suffice it to say that the testimony and inferences to be drawn from it were in dispute, and that upon conflicting evidence this court

ought not to reverse findings of fact determined by the master and approved by the district court, unless they are manifestly unsupported. In re Lawrence, 134 F. 843 (C. C. A. 2); Epstein v. Steinfeld, 210 F. 236 (C. C. A. 3).

On the same principle we must refuse to disturb the valuation placed upon furniture, fixtures, machinery, equipment, and automobiles. This was supported by the testimony of witnesses who, in the opinion of the master, showed greater familiarity with the subject-matter than did the appellants' witnesses.

The master also found that the transfers were made without any intent to prefer, but it is unnecessary to consider whether this finding can be supported in view of our affirmance of the finding of solvency.

Order affirmed.