CAROLINA MOTOR EXPRESS LINES, Inc.
v. BLUE & WHITE SERVICE, Inc.

No. 10364.

United States Court of Appeals
Seventh Circuit.

Oct. 17, 1951.

Rehearing Denied Dec. 3, 1951.

Louis I. Kessler, Chicago, Ill., Charles B. Feibleman, Kirkwood Yockey, Indianapolis, Ind., for appellant.

Richard Rex Parkin, Chicago, Ill., Joseph E. Bell, Franklin R. Overmyer, Chicago, Ill., (Browning & Parkin and Petit, Olin, Overmyer & Fazio, all of Chicago, Ill. of·counsel), for appellee.

Before MAJOR, Chief Judge, and KERNER and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

On September 11, 1950, Carolina Motor Express Lines, Inc., a corporation organized under the laws of the State of Indiana, filed in the District Court for the Northern District of Illinois, Eastern Division, its

verified petition for an arrangement under Chapter XI of the Bankruptcy Act. The petition alleged that the business of the corporate debtor is the ownership, leasing and operation of trucks, and the maintenance of a general trucking business for hire; that it had its principal place of business in Chicago, Cook County, Illinois, for the longer portion of the six months period immediately preceding the filing of the petition than in any other judicial district. It alleged further that the corporate debtor was and is unable to pay its debts as they mature, and that it desired to propose an arrangement with its unsecured creditors under Chapter XI of the Bankruptcy Act, and that the filing of the petition had been duly authorized by the shareholders and directors of the corporate debtor. The petition was signed and verified by the president of the corporate debtor. No schedules, no statement of executory contracts, no statement of affairs, and no plan of arrangement, as required by secs. 323 and 324 of the Bankruptcy Act, 11 U.S.C.A. §§ 723, 724, accompanied said petition, nor were they filed therewith or at any previous time.

However, on the very date of filing, September 11, 1950, the District Court ordered that leave be granted to file said petition "without schedules, statement of executory contracts, statement of affairs and plan of arrangement." On the same day the court entered an order which declared: "It appearing to the court that the debtor has not had opportunity to prepare the detailed information necessary to complete its schedules, the statement of affairs, its statement of executory contracts, and its plan of arrangement, and for good cause shown. It is ordered that the debtor be granted 30 days from this date within which to file its schedules, etc." (The record discloses that on October 11, 1950, within the time allowed by the order, the corporate debtor filed its plan of arrangement, statement of executory contracts, statement of affairs and schedules.)

A third order was entered by the District Court on September 11, 1950, in it the court states that having examined the petition and being fully advised in the premises, it finds that Carolina Motor Express Lines, Inc. is a debtor within Chapter XI, sec. 306(3), 11 U.S.C.A. § 706, of the Bankruptcy Act, and that the petition has been properly filed under Chapter XI, sec. 322 of said Act, 11 U.S.C.A. § 722, and continued debtor in control of assets.

On September 19, 1950, Blue & White Service, Inc., et al., an Indiana corporation, Marshall E. Alexander, Jr., doing business as Electric Accounting Service, and Tire Service Company, a division of Cooper Industries, Inc., of Indianapolis, Indiana, three creditors of the corporate debtor, filed their petition to vacate the order of September 11, 1950, finding that its petition for arrangement had been properly filed, and to dismiss the proceedings for lack of jurisdiction because, it was charged, the corporate debtor's principal place of business had not been in the Northern District of Illinois, Eastern Division, for a longer portion of the six months preceding the filing of the petition than in any other judicial district. It alleged that the debtor's principal place of business during such period had been and was then in Indianapolis, Indiana. On September 26, 1950, the same creditors filed an amended petition to vacate the order finding that the petition of corporate debtor was properly filed and to dismiss the proceedings. As an additional ground for dismissing debtor's petition, it was charged in this amendment that the petition for arrangement did not set forth the provisions of the plan of arrangement as required by the Bankruptcy Act, and that said petition for arrangement was not accompanied by a statement of debtor's executory contracts, nor by schedules, nor statement of affairs.

The record filed in this appeal discloses no answer on behalf of the corporate debtor to the amended petition of September 26, 1950. However, it does appear that the corporate debtor did, on September 22, 1950, answer the original petition to vacate the order of September 11, and to dismiss the petition for arrangement. In its answer the corporate debtor reaffirmed that its principal place of business during the six months preceding the filing of its petition for arrangement was at Chicago, Cook

County, Illinois, for a longer period than in any other judicial district.

The proceedings were referred to a referee in bankruptcy who, on November 15, 1950, filed his memorandum and order denying the prayers of the amended petition to vacate the orders and to dismiss the petition. On petition for review, the order of the referee was affirmed and the prayers of the amended petition were denied. This appeal followed.

In seeking a reversal of the order of the District Court, the appellants here present the same contentions urged in the lower court. They are, first—that the principal place of business was not in Chicago, Cook County, Illinois, for the period of time, preceding the filing of the petition for arrangement, required by the Bankruptcy Act; and second—that the District Court had no jurisdiction over the proceedings for an arrangement because the corporate debtor's original petition failed to allege facts required by the statute and was not accompanied by schedules, statement of affairs, list of executory contracts, and a plan of arrangement.

We propose to consider the contentions in the order listed.

■ As we have pointed out, the petition of the corporate debtor avers that it has and has had its principal place of business in the City of Chicago, County of Cook, Illinois, within the Northern District of Illinois, Eastern Division, for a longer portion of the six months immediately preceding its filing than in any other judicial district. It is also alleged therein that its filing had been authorized by its shareholders and directors. The allegation that the petition was thus authorized to be filed in Chicago because that city had been its principal place of business for a longer portion of the six months immediately preceding than any other place in a different judicial district, created a *prima facie* presumption that Chicago was and had been its principal place of business during such period. The burden of overcoming this presumption was upon the creditors who sought to defeat jurisdiction. In re Hudson River Navigation Corp., 2 Cir., 59 F.2d 971.

■ The jurisdiction of the District Court in the case at bar is dependent upon a question of fact—did the corporate debtor have its principal place of business at Chicago for a longer portion of the six months next preceding the filing of its petition than in any other judicial district? Appellants urge that it did not. However, the referee determined the fact adversely to appellants, and his finding was sustained and approved by the District Court. We have examined the evidence adduced on the issue and are convinced that the finding of the lower court is justified by substantial evidence. Chicago Bank of Commerce v. Carter, 8 Cir., 61 F.2d 986.

In our opinion, however, the second contention of appellants is decisive of this appeal. The petition for arrangement here involved was filed pursuant to Chapter XI, secs. 322, 323 and 324 of the Bankruptcy Act, which are as follows:

Sec. 322. "If no bankruptcy proceeding is pending, a debtor may file an original petition under this chapter with the court which would have jurisdiction of a petition for his adjudication." 11 U.S.C.A. § 722.

Sec. 323. "A petition filed under this chapter shall state that the debtor is insolvent or unable to pay his debts as they mature, and shall set forth the provisions of the arrangement proposed by him." 11 U.S.C.A. § 723.

Sec. 324. "The petition shall be accompanied by—

"(1) a statement of the executory contracts of the debtor;

"(2) the schedules and statement of affairs, if not previously filed; and

"(3) payment to the clerk of the fees, if not already paid, required by this title." 11 U.S.C.A. § 724.

These sections of Chapter XI were incorporated into our bankruptcy statutes by the Act of June 22, 1938, commonly known as the Chandler Act. That Act amended certain specified sections of the Act of 1898, establishing a uniform system of bankruptcy throughout the United States, as amended; and incorporated certain of the amended sections as Chapters X, XI, XII, XIII and XIV of the Bankruptcy Act.

Among the sections amended, and as amended incorporated into the Bankruptcy Statute as section XI by the Chandler Act, were sections 73 and 74.

Section 74 originated in the Act of March 3, 1933, which provided that courts of bankruptcy should have and exercise additional jurisdiction in proceedings for the relief of debtors.

It provided in part as follows, 47 St. at large, p. 1467, sec. 74:

"Compositions and extensions—

"(a) Any person, excepting a corporation may file a petition, or, in an involuntary proceeding before adjudication, an answer within the time limited by section 18(b) of this Act, accompanied in either case, *unless further time is granted*, by his schedules, stating that he is insolvent or unable to meet his debts as they mature, and that he desires to effect a composition or an extension of time to pay his debts."

That portion of sec. 74 (which we have italicized) in the above quotation, justified the holding that bankruptcy courts, by that section, were given the power to extend the time within which schedules and plans for arrangement might be filed. However, Congress saw fit in enacting the Chandler Act to delete the italicized words. There is, therefore, no provision in secs. 323 and 324, 11 U.S.C.A. §§ 723, 724, as they now stand, which expressly or by implication gives to our district courts power or authority to extend the time for filing the plan of arrangement proposed by the debtor, or the statement of his executory contracts, or the schedules and statement of affairs required by the Act.

Section 7(8) of the Bankruptcy Act of 1898, regarding the duties of a bankrupt, providing that a voluntary bankrupt shall prepare, make oath to and file with his petition a schedule of his property showing the amount and kind of property, the location thereof, and its money value in detail, and a list of all his creditors and the amount due and claimed by each, the consideration thereof, the securities, if any, held by them, etc., all in triplicate, one for the clerk, one for the referee, and one for the trustee, was one of the specific sections amended by the Chandler Act of June 22, 1938.

The amendment added to the section, in the 8th clause thereof, the following language: "Provided, That the court may for cause shown grant further time for the filing of such schedules if, with his petition in a voluntary proceeding * * * the bankrupt files a list of all such creditors and their addresses." Sec. 7(a)(8) of the Bankruptcy Act as amended. 11 U.S.C.A. § 25(8).

In our opinion this amendment to Sec. 7 authorizes the district courts to grant further time for filing schedules only in cases involving voluntary and involuntary petitions in bankruptcy. It has no application to proceedings for the settlement, satisfaction or extension of time of payment of unsecured debts.

The fact that in the Chandler Act, as we have already pointed out, Congress deleted from sec. 74 of the Bankruptcy Act, regarding petitions for arrangement, the power there given district courts to extend the time for filing schedules and statements required in such proceedings, forces the conclusion that the District Court has no power to extend the time for filing such plans, statements and schedules in arrangement proceedings.

It should also be pointed out that in the case at bar, the debtor's petition for arrangement did not have with the petition a list of all its creditors and their addresses. It therefore appears that the order of the District Court of September 11, 1950, was improvidently entered. This record discloses that no plan of arrangement was filed with debtor's petition, no statement of its affairs, no schedules accompanied such petition, there is therefore no question of amending an insufficient or defective plan, statement, or schedule. On this record there was nothing to amend.

Neither appellant nor appellee has been able to find a case decisive of the point here involved. Our own search has been likewise unsuccessful. There is dictum in Securities & Exchange Commission v. United States Realty & Improvement Co., 310 U.S. 434, and also In re Kovell Oil Co.,

D.C., 31 F.Supp. 319, which tends to support the view we have expressed. The appellee cites In re Greaves, D.C., Miss., 1937, 37 A.B.R., N.S., 461, which was decided before the enactment of the Chandler Act, and offers no aid.

However, it does appear that well and favorably known commentators in bankruptcy matters have come to the same conclusion.

Discussing Secs. 323–324 of the Bankruptcy Act, 8 Collier on Bankruptcy (14th Ed.1941) Sec. 4.06, p. 310 says: "Where schedules are required to be filed they must accompany the petition; there is no authority to extend the time for filing schedules, as there is in proceedings under Chapters I to VII."

On the same matter, Remington on Bankruptcy, par. 3064.7, at p. 186, says: "The schedules and statement of affairs must accompany the petition, and the court has no longer the discretionary power to grant an extension of time for filing the schedules."

We regard as totally immaterial the fact that the corporate debtor, within the time allowed by the trial court, did actually file its plan of arrangement, statement of affairs, list of executory contracts and schedules. The court had no authority to enter the order of September 11, 1950, extending the time for filing such documents. Hence plans, lists and schedules filed thereunder should be disregarded.

The order of the District Court is reversed and the case remanded for further proceedings in accordance with this opinion.