**In re SUPER ELECTRIC PRODUCTS CORP.**

**Appeal of UNITED STATES.**

**No. 10807.**

United States Court of Appeals
Third Circuit.

Argued Nov. 6, 1952.

Decided Jan. 7, 1953.

John J. Barry, Asst. U. S. Atty., Newark, N. J. (Grover C. Richman, Jr., U. S. Atty., Newark, N. J., on the brief), for appellant.

Jerome S. Lieb, Newark, N. J. (Harkavy & Lieb, Newark, N. J., on the brief), for appellee.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

The United States of America appeals from an order of the District Court for the

District of New Jersey affirming the disallowance by a referee in bankruptcy of its claim filed against the debtor, Super Electric Products Corporation. The claim, filed on October 9, 1951, four days after the referee entered an order confirming the debtor's amended plan for an arrangement with its unsecured creditors under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., sought reimbursement for the alleged breach of two contracts for the manufacture and sale to the Civil Aeronautics Administration of certain electronic equipment. The debtor had filed in the district court on May 17, 1951 a petition proposing an arrangement under Chapter XI and the court had appointed William A. Consodine and Everett M. Patterson as receivers of the debtor with authority to continue its business.

On June 18, 1951 and June 28, 1951 the Civil Aeronautics Administration mailed letters to the debtor, addressed to its place of business at 46 Oliver Street, Newark, New Jersey, notifying it of the termination of the two contracts above referred to and stating that the merchandise involved would be secured from other sources and the debtor held liable for any excess cost occasioned to the government thereby. On August 1, 1951 two additional letters were sent by the Civil Aeronautics Administration to the debtor by registered mail, likewise addressed to 46 Oliver Street, Newark, New Jersey. In these letters the debtor was informed that arrangements had been made to secure the equipment referred to in the prior letters from other sources at a cost in excess of the prices fixed in the contracts with the debtor. The letters requested the debtor to pay the amount of such excess cost to the Treasurer of the United States.

The formal proof of claim which was filed with the referee in bankruptcy on October 9, 1951 was amended on December 3, 1951 and January 16, 1952. The claim as amended was based upon the same indebtedness which was referred to in the letters of August 1, 1951. The referee held that the government's claim had not been filed until October 9, 1951 when its formal proof of claim was filed, and that since the claims had not been filed until after the debtor's proposed arrangement with its creditors had been confirmed the claim of the United States could not be considered in the proceeding. We think that the action of the district court in upholding the referee's determination in this regard was right and must be affirmed.

 It is not disputed that under the provisions of Section 367 of Chapter XI a creditor who does not file his proof of claim until after the debtor's arrangement has been confirmed and whose claim has not been scheduled by the debtor is ordinarily barred from participating in the distribution of the funds provided for by the arrangement. The claims of the United States here involved had not been scheduled by the debtor and, as we have seen, a formal proof of claim was not filed by the government until after the confirmation of the debtor's arrangement. For the purposes of this case, however, we may accept the government's contention, without deciding its merits, that the letters of August 1, 1951 constituted informal proofs of claim which were subsequently formalized by amendments effected by the documents filed October 9, 1951, December 3, 1951 and January 16, 1952.[1] There is, as the government urges, authority for the proposition

---

1. If this contention were before us on its merits it would present a serious question. For the proof of claim filed on October 9, 1951 purports to be an original proof. Neither it nor the amendments filed December 3, 1951 and January 16, 1952 contain any reference to the letters of August 1, 1951 nor purport to be amendments of the claims set out in these letters. Moreover the proof of claim filed October 9, 1951 had been sworn to September 21, 1951 which was two weeks prior to the date of confirmation of the debtor's plan. If the proof had been filed promptly it would have been in time as an original proof of claim. As a matter of discretion it would be difficult to hold that the unaccountable neglect of the government officers to file the proof promptly should impose upon the individuals who put up $150,000 in new money to carry out the plan of debt ad

that an informal claim, timely filed, may be perfected by amendment.[2]

Under Section 57c of the Bankruptcy Act a proof of claim must be filed in the court of bankruptcy or before the referee if the case has been referred. It was, however, held by the Supreme Court in J. B. Orcutt Co. v. Green, 1907, 204 U.S. 96, 27 S.Ct. 195, 51 L.Ed. 390, that the filing of a proof of claim with a trustee in bankruptcy is a sufficient filing to satisfy the act. In the Orcutt case it appeared that proofs of claims in proper form had been presented and delivered to the trustee in bankruptcy before the expiration of the statutory period. The trustee had in turn delivered them to his attorney with directions to file them with the referee but due to the neglect of the attorney, or an employee of the latter, this was not done. The Supreme Court held that the proofs must be regarded as having been properly filed when they were delivered into the hands of the trustee. Its reasoning was that since the trustee was an officer of the court whose express duty under General Order 21 it was to deliver the proofs of claims to the referee, the filing of proofs with the trustee was a filing with the court. Since the inadvertent neglect of the trustee's attorney to deliver the proofs to the referee within the time limited by the act was a neglect for which the trustee and not the claimants was responsible, it could not be held to be a failure on the claimants' part properly to file their proofs.

The government here relies upon the Orcutt case. It contends that a receiver appointed by a bankruptcy court is for the purposes of the Orcutt rule in the same position as a trustee in bankruptcy and that since the receivers in this case were continuing the debtor's business all the debtor's employees were their employees. From these premises it seeks to draw the conclusion that the mailing of the letters of August 1, 1951 to the debtor and their presumptive receipt by some unidentified employee of the debtor must be treated as delivery of the letters to the receivers and thus in law as the proper filing of them as proofs of claim under the Orcutt doctrine.

We do not quarrel with the proposition that a receiver of a bankrupt or debtor under the Bankruptcy Act is an officer of the court who stands in the same position with respect to the filing of proofs of claim as a trustee in bankruptcy. And we are willing to assume for the purposes of this case that all the debtor's employees were in a broad sense employees of the receivers. But it does not follow that the delivery by the post office of letters of claim to an unidentified employee of the debtor amounted to the filing of the letters with the receivers within the meaning of the Orcutt rule when, as appears in this case, the letters never did in fact come into the hands of the receivers or the referee.

In Re Lathrop, Haskins & Co., 2 Cir., 1912, 197 F. 164, it appeared that a proof of claim had been handed to an employee of the trustee of the bankrupt but had not subsequently been delivered to the referee. The claimant contended that the delivery of the claim to the trustee's employee amounted to a filing with the court or the referee within the meaning of the statute and relied upon the Orcutt case. The Court of Appeals for the Second Circuit declined, however, to apply the rule of the Orcutt case to these facts saying, 197 F. at page 165:

"The brief states that the proof of claim was not only filed with the trustee's employé, but was so filed 'in the trustee's office.' But we are not able to find in the record anything to sustain the statement that the claim was actually filed in the trustee's office. If this were established as a fact, the situation would be different. Delivery

justment the necessity of providing for another large claim of which they were wholly unaware.

2. Hutchinson v. Otis, 1903, 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179; In re Patterson-MacDonald Shipbuilding Co., 9

Cir., 1923, 293 F. 190; In re Weco Equipment, D.C.E.D.N.Y.1944, 55 F. Supp. 532, affirmed Public Operating Corp. v. Schneider, 2 Cir., 145 F.2d 830; In re High Point Seating Co., 2 Cir., 1950, 181 F.2d 747.

of a claim in the trustee's office to a person who is apparently employed in transacting the trustee's business, and whose employment as such is not disputed, might make out a prima facie case within the decision of the Supreme Court. But here all that appears is that the trustee employed Barnaby, in what work he was employed is not shown, for aught that appears he may have been an appraiser or keeper, who had nothing at all to do with the office work; and the paper may have been handed to him at some place remote from the trustee's office, possibly even in some other district. The provision limiting the time for filing claims is a wholesome one, promptness in winding up bankrupt's estates is desirable, and we are unwilling to extend the exception recognized by the Supreme Court beyond the limits to which that tribunal has gone."

We are in accord with the view of our brethren of the Second Circuit that the exception recognized by the Supreme Court in the Orcutt case may not properly be extended beyond those cases in which a proof of claim has been delivered to the trustee personally or to an employee in the trustee's office who is apparently empowered to transact such office business as the receipt of claims. In Re Supernit, 3 Cir., 1950, 186 F.2d 130, Chief Judge Biggs of this court pointed out that a strict rule in the matter of proof of claims has always been observed in this circuit and in that case our court applied it to a proceeding under Chapter XI. We think that the normal rule should not be relaxed in this case. It would be extending the Orcutt rule beyond reasonable limits to hold that delivery of a claim to any employee of a trustee or receiver without regard to the place of delivery or the nature of the employee's work would constitute a filing with the trustee or receiver even though the claim never came to his knowledge or to that of the referee and the other creditors.

It was, therefore, incumbent upon the government in this case to show that the letters of August 1, 1951, upon which it relies as informal proofs of claim, were either delivered personally to one of the receivers or to an employee in the receivers' office who was clothed with at least apparent authority to transact the business of receiving such proofs for the receivers. The government wholly failed to carry the burden of proof thus laid upon it. All that it showed was that the letters of August 1, 1951 had been sent to the debtor by registered mail addressed to 46 Oliver Street, Newark. Any presumption arising from the mailing that the letters were received by the receivers of the debtor was rebutted by the testimony of one of them that neither he nor his co-receiver had received the letters and that they had not been brought to their attention prior to October 9, 1951. Moreover, although registered return receipts had been demanded by the Civil Aeronautics Administration when it mailed the letters, those receipts were not produced although presumably they would have contained the signature of the recipient of the letters. Finally there is indication in the record that the receivers' office was at a different location, i. e., 744 Broad Street, from the place, 46 Oliver Street, to which the letters were mailed. There was no evidence whatever that the letters of August 1, 1951 were delivered to the receivers or to an employee in the office of the receivers clothed with apparent authority to receive the letters for them. Under these circumstances we think that the referee and the district court were amply justified in deciding that the government's claim was not filed in the statutory sense until the formal proof of claim was filed on October 9, 1951, four days after the claim was barred by the statute from participating in the debtor's approved arrangement with its creditors.

The order of the district court will be affirmed.