**In re SEELEY TUBE & BOX CO.**
No. 6535a.

United States District Court,
D. New Jersey.
April 2, 1954.

As Amended April 7, 1954.

270

William F. Tompkins, U. S. Atty., Frederick B. Lacey, Asst. U. S. Atty., Newark, N. J., for United States.

Bilder, Bilder & Kaufman, Walter J. Bilder, Newark, N. J., for debtor.

MODARELLI, District Judge.

This matter is before the court on a petition for review filed by Seeley Tube and Box Company, a corporation-debtor, pursuant to Section 39, sub. c of the

Bankruptcy Act, as amended, 11 U.S.C.A. § 67, sub. c. The petition alleges generally that the Referee in Bankruptcy erred in denying the motion of the debtor to re-examine and bar a claim filed by the United States of America in proceedings under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. The Referee on December 28, 1953, decided that there was a timely filing of the claim which would enable the United States as a creditor to participate in the distribution of the money deposited pursuant to the provision of Section 367 of Chapter XI of the Act.

The decisive issue to be decided is: Whether there was a timely filing by the United States of its claim, as set forth by the Referee in his Certificate of Review.

On October 1, 1946, debtor filed its Petition and Schedules for an arrangement under Chapter XI, wherein it proposed to pay all general unsecured creditors whose claims were $1,000 or less 100% immediately upon confirmation of the arrangement, and to pay all other general unsecured creditors 100% six months after the confirmation. On that same day, Judge Smith of this Court adjudged that the petition had been properly filed under Section 322 of the Act, and having read the petition "proposing an arrangement with its unsecured creditors, and the Court being satisfied with the sufficiency of" the application, ordered the matter referred to a Referee. On March 17, 1947, the Referee's order appointing the Distributing Agent, recited that the Court of Bankruptcy conducted a meeting of debtor's creditors "on due notice to all creditors and other parties in interest;" that at the meeting, debtor filed "written acceptances of creditors on the proposed amended arrangement;" that the court considered the amended arrangement and "upon the further consideration of all matters and things required under the provisions of Chapter XI" of the Act, ordered debtor to file its application to confirm the amended arrangement on or before March 19, 1947; and the court fixed March 21, 1947, before the Referee "as the time and place for the

consideration of the confirmation of said amended arrangement, or any objection which may be filed thereto." On March 21, 1947, the Referee's order confirming the amended arrangement recited that "no written objections have been filed by any creditors or by any parties in interest to the confirmation of said amended arrangement."

Thereafter, the United States' claim was filed on May 9, 1947, nearly two months subsequent to the date of the confirmation order. Debtor's argument is based on Sections 367(4) and 369 of the Act, which provide, in substance, that the case before the Referee shall be dismissed when the arrangement is confirmed, except as to three types of debts, as to which jurisdiction shall be retained, viz., debts which

1. have been proved, but not allowed or disallowed, prior to the date of confirmation; or

2. are disputed or unliquidated, have been scheduled by the debtor, and are proved within such time as the court may direct; or

3. arise from the rejection of executory contracts by the debtor and are proved within such time as the court may direct.

The debtor argues that the proceeding terminates, except as to any of the above-classified debts, when the order of confirmation is signed, as does the jurisdictional power of the court. Since the United States' claim is not such a classified debt, our jurisdiction terminated on March 21, 1947, the date of the confirming order, and that the filing date by the United States on May 9, 1947, was untimely, as a result of which the claim must be barred.

It is undisputed that the United States' claim was not proved "prior to the date of confirmation." As to whether or not the claim was "scheduled by the debtor," the United States argues that certain representations by the debtor's counsel constituted a scheduling of the claim. The argument is based on a colloquy between the then presiding Referee and

Mr. Albert Freeman, attorney for the debtor, which occurred during the March 21, 1947 hearing on the amended arrangement. As a result of certain statements made by Freeman to the Referee regarding a potential claim by the United States against the debtor prior to the signing of the confirming order, an order to show cause was issued directing the United States to show cause on April 11, 1947, why an order should not be made limiting the time of the United States "to assert and file in these proceedings any and all claims that it may have against Seeley Tube and Box Company or be forever barred from asserting any such claim against Seeley Tube & Box Company in these proceedings or otherwise * * *." I cannot hold that the verbal representations by debtor's attorney erroneously made during a hearing held more than six months subsequent to the date the proposed debtor duly filed a "Petition and Schedules For Arrangement Under Chapter XI, Statement of Affiairs," pursuant to Sections 322, 323, and 324 of the Act, constitute a debt "scheduled by the debtor."

It was held in Carolina Motor Express Lines, Inc. v. Blue & White Service, Inc., 7 Cir., 1951, 192 F.2d 89, 92, that there is no provision in the Bankruptcy Act

"* * * which expressly or by implication gives to our district courts power or authority to extend the time for filing the plan of arrangement proposed by the debtor, or the statement of his executory contracts, or the schedules and statement of affairs required by the Act. * * *

"The fact that in the Chandler Act * * Congress deleted from sec. 74 of the Bankruptcy Act, regarding petitions for arrangement, the power there given district courts to extend the time for filing schedules and statements required in such proceedings, forces the conclusion that the District Court has no power to extend the time for filing such plans, statements and schedules in arrangement proceedings."

While in the Carolina Motor case, supra, schedules were not filed contemporaneously with the petition, and although an amendment effective October 7, 1952, c. 579, § 29, 66 Stat. 432, 11 U.S.C.A. § 724, now grants power to a district court to grant extensions of time for filing schedules under certain circumstances and for "cause shown," nevertheless the reasoning in that opinion applies to the case at bar where proper schedules were duly filed, i. e., the Act neither in 1947 nor now contains any provision for the type of informal, oral scheduling as is contended by the United States.

■■ The claim of the United States obviously is not one of the third types of debt as to which the court retains jurisdiction subsequent to the entering of the order of confirmation, viz., debts which "arise from the rejection of executory contracts by the debtor and are proved within such time as the court may direct." Exhibits A and B attached to the United States' brief are letters dated November 18, 1946 and November 19, 1946, addressed to debtor in Dover, New Jersey, sent by the Ordnance Department, Picatinny Arsenal, Dover, New Jersey, wherein the United States rejected the executory contracts: "Pursuant to Article 5 of Contract [numbered in each letter], notification is hereby given that the right of the [debtor] to proceed with the delivery of the [containers] described in [contract sections] of said contract is terminated." The United States argues that this court should spell out an estoppel against the debtor now claiming that the Referee retained jurisdiction of the claim of the United States. The transcript of the March 21, 1947 hearing clearly shows that Freeman and the Referee were mistaken in their belief that the claim did "arise from the rejection of executory contracts by the debtor." There is, however, no doctrine of law to the effect that where there was a mistaken belief as to jurisdiction over the subject matter, jurisdiction was thereby conferred where otherwise the court did not have it. If jurisdiction did not exist, as in the case at bar, it

could not be conferred either by the consent of the parties, American Fire & Cas. Co. v. Finn, 1951, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, or as the result of a mistaken belief by a party and the court. In Section 369 of the Act, Congress has carefully set forth the requirements for the retention of jurisdiction by the court subsequent to the entry of an order of confirmation, and this court cannot extend the limited power which Congress has granted. See American Fire & Casualty Co. v. Finn, supra.

The United States further contends that there is ample judicial precedent on the basis of which this court should uphold an informal proof of claim, which is insufficient under the Act, but which was "filed" prior to confirmation of the arrangement and was followed by formal proof. It is argued that the above-mentioned letters sent by the Ordnance Department to the debtor, dated November 18, 1946 and November 19, 1946, were sufficient as proofs of claim and that the proofs subsequently filed on May 8, 1947, "merely added form, not substance, to their contents." With this I cannot agree because:

■ 1. The two letters did not purport to be even informal proofs of claim; the letters merely notified a contract obligee, the debtor, that its right to perform under the contracts was terminated and that it was the intention of the government to exercise its right under the contract to charge Seeley for any market cost in excess of the contract price. Assuming, arguendo, that an informal filing of a proof of claim is proper under the Act, the two letters were not filings of "proofs of claim" and were never intended to be. The rule in this Circuit as to informal filing of proof of claim is set forth in In re Super Electric Products Corp., 3 Cir., 1953, 200 F.2d 790. In that case, the claim by the United States was filed four days subsequent to the date the Referee entered his order confirming the debtor's amended plan for arrangement with unsecured creditors under Chapter XI. In discussing J. B. Orcutt Co. v. Green, 1907, 204 U.S. 96, 27 S.Ct. 195, 51

L.Ed. 390, which held that the filing of a proof of claim with a *trustee* in bankruptcy was a sufficient filing to satisfy the Act, the Third Circuit in the Super Electric case, supra, said in 200 F.2d at page 793:

"* * * the exception recognized by the Supreme Court in the Orcutt case may not properly be extended beyond those cases in which a proof of claim has been delivered to the trustee personally or to an employee in the trustee's office who is apparently empowered to transact such office business as the receipt of claims. In re Supernit [Inc.], 3 Cir., 1950, 186 F.2d 130, Chief Judge Biggs of this court pointed out that a strict rule in the matter of proof of claims has always been observed in this circuit and in that case our court applied it to a proceeding under Chapter XI."

The extension of the Orcutt case, supra, by the Third Circuit Court in the Super Electric case, supra, cannot apply to the case at bar.

2. If I held that the so-called informal filing of proofs of claim by the United States were proper within the meaning of the Act, the formal proofs were not properly filed until nearly two months subsequent to the date of the confirmation order. The memorandum opinion of the Referee contained a finding that "the plan of the debtor, Seeley Tube & Box Co., was confirmed upon the condition that adequate provision had been made for the payment of the government claim in the event that it was determined allowable in an amount not in excess of $94,000.00, as represented by debtor's counsel, Mr. Freeman, at the hearing on confirmation." The Act, however, contains no provision for the entry of a "conditional order." Moreover, it is expressly provided in Sections 367(4), 368, and 369 that upon confirmation of an arrangement the case shall be dismissed unless the court shall retain jurisdiction, if so provided in the arrangement, or unless the debt is one of the three types discussed above.

**274**

■ Finally, it is argued by the United States that the plan of the debtor, as amended, was not an "arrangement" within the meaning of Sections 306 and 356 of the Act. During the Chapter XI proceedings, however, both Judge Smith and the Court of Bankruptcy approved the debtor's plan as a proper arrangement within the meaning of the Act. Never was there any objection raised, even though there was adequate opportunity for any objectors to appear before the Referee. Apart from the untimeliness of this objection by the United States and apart from whether there is any substance to the argument, the United States does not now have standing collaterally to attack the validity of the Chapter XI proceedings

■ In its argument, the United States stated that this court should invoke its equitable powers, as a Court of Bankruptcy, in favor of the claim *sub judice*. The argument necessarily implies that there are equitable principles, as distinguished from the vague notions of "equity," which, if applied to the case at bar, would operate in favor of the claimant's position. This contention is insupportable. I am not persuaded by any authority that the equitable powers which a Court of Bankruptcy possesses are such as enable the court to depart from the plain provisions of the Bankruptcy Act, and thus make a ruling which is contrary to or inconsistent with those provisions. The governing rule against claimant's contention is well-established in the case of Evarts v. Eloy Gin Corp., 9 Cir., 1953, 204 F.2d 712, 715:

> "Courts of Bankruptcy are invested with 'such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings.' Title 11 U.S.C.A. § 11. However, the jurisdiction thus granted is not plenary equity jurisdiction. It is bankruptcy jurisdiction, limited to the express statutory authorizations. The equity jurisdiction conferred by the Act merely empowers the judge or referee in bankruptcy to employ the rules and principles of equity jurisprudence in the exercise of his bankruptcy jurisdiction. Smith v. Chase National Bank, 8 Cir., 1936, 84 F. 2d 608, 614; Billings Credit Men's Ass'n v. Bogert, 9 Cir., 1925, 5 F. 2d 307, 309; Pepper v. Litton, 1939, 308 U.S. 295, 304, 60 S.Ct. 238, 84 L.Ed. 281; 8 C.J.S., Bankruptcy, § 21. Thus, appellant's invocation of the equity powers of the Bankruptcy Court is not sufficient to confer jurisdiction on the Bankruptcy Court of the issues raised here, in the absence of some statutory authority. See 8 Collier on Bankruptcy, 14th Ed., § 3.01."

To the same effect see In re Swofford, D.C., 112 F.Supp. 893.

The order of the Referee is reversed.