In the Matter of SEELEY TUBE AND BOX COMPANY, Debtor.

Appeal of the UNITED STATES of America.

No. 11378.

United States Court of Appeals, Third Circuit.

Argued Dec. 9, 1954.

Decided Jan. 11, 1955.

Rehearing Denied Feb. 9, 1955.

John J. Cound, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., Melvin Richter, Dept. of Justice, Washington, D. C., on the brief), for appellant.

Walter J. Bilder, Newark, N. J. (Bilder, Bilder & Kaufman, Newark, N. J., on the brief), for debtor-appellee.

Before MARIS, McLAUGHLIN and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

On October 1, 1946, the debtor, Seeley Tube and Box Company, filed its petition in the District Court for the District of New Jersey for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. and on the same day the court approved the petition. With the petition the debtor filed the statement of executory contracts and the schedules and statement of affairs required by section 324 of the Act. Included in the statement of executory contracts were six government contracts with the Picatinny Arsenal which had not then been declared in default. On October 1, 1946 the United States gave notice to the debtor of its intention to terminate two of these contracts because of the debtor's default in performance. On November 18, and 19, 1946 the contracts were terminated, the Government reserving the right in accordance with their terms to hold the debtor liable for damages. In reletting these contracts the Government was forced to pay a price in excess of that for which the debtor had promised delivery. This excess is the basis for the Government's claim here in controversy.

On February 28, 1947 the debtor filed an amended plan of arrangement which provided for the payment in cash of all unsecured debts without any reduction in amount or extension of the time for payment. A hearing on the confirmation of this amended plan was held by a referee on March 21, 1947, following which an order was entered confirming it. At that hearing counsel for the debtor stated that the Government might have a claim with respect to the Picatinny Arsenal contracts which might amount to $20,000 and he presented a petition for an order fixing the time within which the United States should file its claim growing out of said contracts. Such an order was entered fixing May 9, 1947 as the time. On May 9, 1947 the Government filed its proof of claim, amended March 30, 1949, for $34,125.03. On February 17, 1950 the debtor filed a petition seeking, inter alia, to have the claim re-examined and

barred. The referee rejected the petition but on review he was reversed by the district court which held that the claim was not timely filed, and entered an order barring it. 120 F.Supp. 269. This appeal by the United States followed.

The following are the pertinent provisions of Chapter XI of the Bankruptcy Act:

"Sec. 367. Upon confirmation of an arrangement—

\* \* \* \* \* \*

"(4) except as otherwise provided in sections 369 and 370 of this Act, the case shall be dismissed.

"Sec. 368. The court shall retain jurisdiction, if so provided in the arrangement.

"Sec. 369. The court shall in any event retain jurisdiction until the final allowance or disallowance of all debts affected by the arrangement which—

"(1) have been proved, but not allowed or disallowed, prior to the date of confirmation; or

"(2) are disputed or unliquidated, have been scheduled by the debtor, and are proved within such time as the court may direct; or

"(3) arise from the rejection of executory contracts by the debtor and are proved within such time as the court may direct." 11 U.S.C.A. §§ 767, 768, 769.

The debtor's contention, which the district court adopted, is that under section 367(4) of the Bankruptcy Act the court did not have jurisdiction after the confirmation of the plan of arrangement to allow the Government's claim since the claim did not come within any one of the three saving clauses of section 369. It is obvious that the claim did not come within clause (3) of that section since the debtor had not rejected the contracts involved. We may also assume that it did not come within clause (1) as a claim proved prior to the date of confirmation, although the Government urges otherwise. We think, however, that the Government's claim did come within clause

(2) of section 369 and that the district court accordingly erred in holding that it did not have jurisdiction to allow it after confirmation of the plan.

The claim was clearly a disputed or unliquidated one. Likewise it was proved within the time specifically directed by the court. Was it scheduled by the debtor before the confirmation of the plan? We think it must be held that it was thus scheduled within the meaning of section 369(2).

Section 7 of the Bankruptcy Act, 11 U.S.C.A. § 25, requires the bankrupt to file a schedule of his property and a list of his creditors, including all persons asserting contingent, unliquidated or disputed claims. Section 324 of the Act requires these schedules to be filed by a debtor in an arrangement proceeding under Chapter XI. They must be filed with the debtor's petition or, with leave of court, within ten days thereafter. Carolina Motor Express Lines v. Blue & White Service, 7 Cir., 1951, 192 F.2d 89. Here the schedules were filed with the petition and included a statement of the executory contracts out of which the Government's claim subsequently arose. When that claim arose it became the debtor's duty to amend its schedules to disclose it. The disclosure by the debtor at the referee's hearing on confirmation of the plan that the Government had become a creditor was therefore in performance of its duty under the Act and amounted to an informal amendment of the list of creditors included in the debtor's schedules.

Amendments to the schedules are specifically authorized by General Order 11 in Bankruptcy, 11 U.S.C.A. following section 53, and are liberally allowed when required in the interest of justice. Such amendment was in the interest of justice here. For otherwise the Government merely because of the debtor's failure to schedule its claim will be wholly precluded from participating in the distribution of the funds provided for by the arrangement, In re Super Electric Products Corp., 3 Cir., 1953, 200 F.2d 790, while all other creditors receive 100% of their claims in cash.

It was the duty of the referee under section 39, sub. a(3) of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. a(3), to cause any incomplete schedules coming to his attention to be amended. In re Everick Art Corporation, 2 Cir., 1930, 39 F.2d 765. Having heard the debtor's counsel state in open court the existence and amount of the Government's claim we must assume that, in pursuance of this duty, the referee approved the statement as an informal amendment of the debtor's schedules. Moreover his action in fixing a subsequent time for proof of the Government's claim necessarily involved such approval. For such action could only have been validly taken, after confirmation of the plan, on the premise that the Government's claim had been scheduled before the order of confirmation was entered. The fact that the referee appears to have mistakenly thought that his order was also supported by section 369(3) of the Act we regard as immaterial.

We conclude that the debtor's schedules must be regarded as having been informally amended with respect to the Government's claim to the extent needed to satisfy section 369(2) of the Bankruptcy Act. Certainly the informal scheduling of the claim disclosed by the record served all the purposes in this case which a more formal procedure would have accomplished. So regarded, the claim was proved in time and the district court has jurisdiction to entertain and allow it.

The order of the district court will be reversed and the cause will be remanded for further proceedings not inconsistent with this opinion.