**Matter of Bernard SIEGEL, Bankrupt.**

**No. 54790.**

United States District Court
E. D. New York.

Sept. 5, 1958.

Murray E. Winnick, New York City, for bankrupt.

ZAVATT, District Judge.

The bankrupt moves for an order directing that his employer Waldbaum, Inc., turn over to him the money which it has deducted and held from his salary, pursuant to a garnishee execution, and for an order vacating the four garnishee executions ordered by the Courts of the State of New York and the wage assignments, referred to in the moving papers, because he has been discharged in the bankruptcy proceeding. At page three of the bankrupt's affidavit annexed to the notice of motion, the bankrupt stated that the debt owing to the City of New

York (one of the judgment creditors) had been paid in full but that the garnishment execution filed by the city had not been removed. Attorney for the bankrupt now states in a supplemental affidavit that his client has advised him that this debt has not been paid; that the bankrupt consents that the monies now held by his employer be paid to the City of New York and that such deductions be continued by his employer until the city's judgment has been fully paid. In said supplemental affidavit attorney for the bankrupt also states that the Household Finance Corporation was listed in the bankruptcy schedule A-3 as the "H. & H. Finance Corporation" and that a notice addressed to "H. & H." was returned to the Referee undelivered by the postal authorities. He now requests the Court to amend the bankruptcy petition nunc pro tunc as of the date of filing, to wit April 11, 1958, so as to include the "Household Finance Corporation" as one of the creditors of the bankrupt. Household Finance Corporation opposes the application.

The bankrupt filed a voluntary petition in bankruptcy on the 11th day of April 1958 and was granted a discharge on the 13th day of June 1958. The Referee thereafter closed the case. All of the garnishee executions and wage assignments referred to in the moving papers were filed or issued prior to the date of the filing of the petition in bankruptcy.

■ As to that portion of the motion which requests an order directing Waldbaum, Inc. (bankrupt's employer) to pay over to the bankrupt money which it deducted pursuant to the first garnishee execution, the bankrupt's attorney was advised by a deputy clerk of this Court having considerable experience in bankruptcy matters that the request would probably be denied since this Court had made no order directing the employer to deduct the amounts which had been ordered withheld under the State Court garnishee execution. The Clerk of this Court is an attorney with at least thirty years of experience in our Clerk's office. Many other persons on the Clerk's staff have long records of competent service in that office. While this Court does not suggest that attorneys adhere strictly to the observations made by personnel in the Clerk's office it does feel that it is encumbent upon attorneys to examine the law and prepare comprehensive memoranda of law when alerted to legal uncertainties by the appropriate deputy in the Clerk's office. Bankrupt's attorney has submitted no memorandum of law to the Court nor has he included any citations of law in any of the papers submitted in support of his motion, with the result that the Court has been obliged to conduct its own research with absolutely no assistance from the moving attorney. Instances such as this (which are too numerous) place an unreasonable burden upon the Judges of this Court.

■ In substance, the motion calls upon the Court to determine the effect of the bankrupt's discharge. Though jurisdiction to make such determination exists, " * * * there is a policy, absent 'special embarrassment,' of refusing to exercise it; i.e. of referring to the State Court the determination of the effect of the discharge." Ciavarella v. Salituri, 2 Cir., 1946, 153 F.2d 343, 344. The bankrupt has shown no such "special embarrassment" or unusual circumstances.

■■ Assuming that the request to amend the bankruptcy schedules is properly before the Court (note that this relief is sought for the first time in the supplemental affidavit submitted by bankrupt's attorney), there has been no compliance with General Order in Bankruptcy Number 11, 11 U.S.C.A. following section 53. This order requires that "Amendments shall be printed or written, signed and verified, like original petitions and schedules, and filed in triplicate. * * * In the application for leave to amend, the petitioner shall state the cause of the error in the paper originally filed." The bankrupt has filed no copies of the proposed amendment and has not stated the cause of the error. Again, nothing in the supplemental affidavit establishes clearly that the "House-

hold Finance Corporation" received notice of the Bankruptcy proceeding. But the affidavits of "Household Finance Corporation", submitted in opposition to this motion, deny notice and knowledge. The informal and irregular practice, contemplated by this request to amend, "cannot be allowed to pass without an expression of our disapproval." In re Ross & O'Brien Iron Works, Inc., 2 Cir., 1932, 58 F.2d 961, 962.

Permission to amend is denied. However, since amendments to schedules are liberally allowed when required in the interest of justice, In re Seeley Tube & Box Co., 3d Cir., 1955, 219 F.2d 389, 391, certiorari denied Seeley Tube & Box Co. v. United States, 350 U.S. 821, 76 S.Ct. 46, 100 L.Ed. 734, this opinion shall not preclude the bankrupt from making a request in proper form for leave to amend his schedules. See Bankruptcy Act, Sec. 57, sub. n., 11 U.S.C.A. § 93, sub. n.

Motion denied. Settle order.